IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK NELLOM, | : |
|     Plaintiff, | : |
| | : |
|     v. | :   Case No. 2:25-cv-06386-JDW |
| | : |
| POLICE AND FIRE FEDERAL | : |
| CREDIT UNION, *et al.*, | : |
|     Defendants. | : |

## MEMORANDUM

The Police And Fire Federal Credit Union ("PFFCU") appears to have denied Frank Nellom credit on four separate occasions. So, he sued PFFCU and several individuals associated with it.[1] After reviewing the Complaint, I conclude that Mr. Nellom has not stated a plausible claim under the Equal Credit Opportunity Act or the Pennsylvania Unfair Trade Practices And Consumer Protection Law. I will give him a chance to file an amended complaint, though.

**I.**  **FACTUAL ALLEGATIONS**

PFFCU denied loan applications from Mr. Nellom in April 2021, June 2021, July 2024, and September 2025. The denials came via emails from PFCU employees Kevin

---

[1] The named individuals are PFFCU Chairman Anthony LaRosa, Vice Chairman James Cunningham, Timothy J. Haggerty, President and Chief Operating Officer John LaRosa, President and Chief Retail Officer James Duke, Lisa Girdharry, Kelly Ann Morton, Vice President-Consumer Loan Mgr. Kevin M. Greco, Senior Underwriter Steven J. Moser, and Consumer Loan Underwriter Steve Bernhardt, Sr. (Compl. at 1.)

Greco, Stephen Bernhardt, Steven J. Moser, and Kelly Ann Morton Mr. Nellom claims that the Defendants' documents "admit denying [him], a black, African American, male, senior with $478.00 monthly government retirement income to contract with." (ECF No. 2 at 2.) He also asserts the documents "show four years of denial of credit to this African American, Black, Male, Divorced, Senior to make him pay for credit." (*Id.*) He claims this violates 15 U.S.C. § 1691, which prohibits creditors from discriminating "on the basis of race, color, sex, marital status, and age.[2] He asserts that the four denials of credit also violate a provision of the Pennsylvania Unfair Trade Practices Act And Consumer Protection Law ("UTPCPL") concerning the advertising of goods or services with intent not to sell them as advertised. *See* 73 Pa. Stat. § 201-2(4)(ix) (He also mentions a section of the Code of Federal Regulations, 12 C.F.R. § 1002, interpreting the ECOA as allegedly applying "to the fact that all or part of the applicant's income derives from a public assistance program." But that's just a definitional section of the CFR.) Because Mr. Nellom was denied credit, he could not rent a car to be with his son.

## II.   STANDARD OF REVIEW

A plaintiff seeking leave to proceed *in forma pauperis* must establish that he is unable to pay for the costs of her suit. *See Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Where, as here, a court grants a plaintiff leave to proceed *in*

---

[2] Mr. Nellom cites 15 U.S.C. § 5481(1), but that statute doesn't exist, and the rest of his Complaint refers to the EOCA, so I assume he means 15 U.S.C. § 1691.

2

*forma pauperis*, it must determine whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). That inquiry applies the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). I must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).

### III.   DISCUSSION

#### A.   *In Forma Pauperis*

Mr. Nellom has filled out the required forms demonstrating that he lacks the income or assets to pay the required filing fees, and he has attested to that fact under penalty of perjury. I will therefore grant him leave to proceed *in forma pauperis*.

#### B.   Plausibility Of Claims

##### 1.   ECOA

The ECOA makes it unlawful for a creditor to discriminate against an applicant "with respect to any aspect of a credit transaction." 15 U.S.C. § 1691(a). To state a plausible case of discrimination under the ECOA, a plaintiff must allege that (a) he

3

belongs to a protected class; (b) he applied for credit; (c) he was qualified for credit; and (d) credit was nevertheless denied. *Anderson v. Wachovia Mortg. Corp.*, 621 F.3d 261, 268 n. 5 (3d Cir. 2010). Mr. Nellom alleges membership in a protected class, and the emails attached to the Complaint suggest that he applied for credit and was denied. He has failed, however, to allege that he was qualified for the credit for which he applied.

Even if he had stated a plausible claim against PFFCU, Mr. Nellom also failed to allege that the individuals he named as Defendants are liable under the ECOA. The ECOA only makes it illegal for a *creditor* to discriminate. The ECOA defines a "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e). Regulation B provides the same definition and goes on to provide: "A person is *not* a creditor regarding any violation of the Act or this part committed by another creditor unless the person knew or had reasonable notice of the act, policy, or practice that constituted the violation before becoming involved in the credit transaction. 12 C.F.R. § 1002.2(l) (emphasis added).

There's no allegation in the Complaint that the Individual Defendants regularly extend credit themselves or had reasonable notice of a practice by PFFCU that violated the Act. Mr. Nellom therefore he has not plausibly alleged that the officers, directors, and employees are themselves liable for an ECOA claim.

B.     UTPCPL

The UTPCPL is "a remedial statute intended to protect consumers from unfair or deceptive practices or acts" in the conduct of trade or commerce. *Hall v. Equifax Info. Servs. LLC*, No. 15-2938, 2016 WL 4538898, at *3 (E.D. Pa. Aug. 31, 2016) (quoting *Balderston v. Medtronic Sofamor Danek, Inc.*, 152 F. Supp. 2d 772, 776 (E.D. Pa. 2001)). Specific to § 201–2(4)(ix) prohibiting "[a]dvertising goods or services with intent not to sell them as advertised," courts hold that to state a plausible claim "a plaintiff must allege: (1) 'a defendant's representation is false'; (2) 'it actually deceives or has a tendency to deceive'; and (3) 'the representation is likely to make a difference in the purchasing decision.'" *Post v. Liberty Mut. Grp., Inc.*, No. 14-238, 2014 WL 2777396, at *3 (E.D. Pa. June 18, 2014). This provision also applies to claims of false advertising and requires the same three elements. *Grear v. U.S. Bank*, No. 21-237, 2022 WL 4450400, at *12 (W.D. Pa. Sept. 23, 2022) (collecting cases). Mr. Nellom has failed to allege that PFFCU made a false representation that deceived him and made a difference in a purchasing decision.

Even if Mr. Nellom were attempting to allege a claim under the UTPCPL's catchall provision, 73 Pa. Stat. § 201-2(4)(xxi), covering "any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding," that claim would also not be plausible. The required elements for a catchall claim under UTPCPL include: "(1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the plaintiff's justifiable reliance caused

5

ascertainable loss." *VonNieda-LaGrassa v. Nationstar Mortg. LLC*, No. 23-3407, 2024 WL 4761390, at *3 (E.D. Pa. Nov. 8, 2024) (citation omitted). An act is deceptive and satisfies the first element where it is "intentionally giving a false impression or a tort arising from a false representation made knowingly or recklessly with the intent that another person should detrimentally rely on it." *Seldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009) (internal quotations omitted). Similarly, "[a]n act or a practice is deceptive or unfair if it has the capacity or tendency to deceive." *Christopher v. First Mut. Corp.*, No. 05-1149, 2006 WL 166566, at *3 (E.D. Pa. Jan. 20, 2006). The Pennsylvania Supreme Court has interpreted the statute to mean that actual deception is not required; "rather, it need only be shown that the acts and practices are capable of being interpreted in a misleading way." *Commonwealth v. Golden Gate Nat'l Senior Care LLC*, 194 A.3d 1010, 1023 (Pa. 2018) (internal quotations omitted). Mr. Nellom has not alleged that PFFCU engaged in a misleading practice upon which he justifiably relied causing him a loss.

**IV.    CONCLUSION**

I will dismiss Mr. Nellom's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. I will give Mr. Nellom leave to file an amended complaint in the event he can do so truthfully, following the logic of this decision. An appropriate Order follows, which provides further instruction as to amendment.

                                         **BY THE COURT:**

                                         */s/ Joshua D. Wolson*
December 10, 2025                   **JOSHUA D. WOLSON, J.**