IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK NELLOM, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 2:25-cv-06386-JDW |
| : | |
| POLICE AND FIRE FEDERAL : | |
| CREDIT UNION, *et al.*, : | |
|     Defendants. : | |

### MEMORANDUM

In an Amended Complaint, Frank Nellom seeks to replead two claims that I dismissed without prejudice. To the extent I can understand his Amended Complaint, he still fails to asserts the elements of the claims that he asserts under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691, and the Pennsylvania Unfair Trade Practices And Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. and Cons. Stat. § 201-1, *et seq.* I will therefore dismiss his claims with prejudice.

### I.      BACKGROUND

The allegations in Mr. Nellom's Amended Complaint are hard to follow. He alleges that in 2023, he became a National Community Solar Partnership advisor to the United States Department of Energy. On June 12, 2024, the United States "began monthly deposits with Defendants for [him] to grow" but on July 24, 2024, the Defendants "rejected the United States offering to provide [Mr. Nellom] a $500 credit for car rental to be with his son on his birthday." (ECF No. 7 at ¶ 7.) On October 1, 2025, Defendants

made him pay $500 for a credit card to rent a car to see his son and "taxed another 18%." (*Id*. at ¶ 8.) I understand all this to allege that he was approved for a secured credit card carrying an 18% interest rate that, once documents for the credit card were signed, required that $500 be held in his account to secure the card. He asserts claims under the ECOA and UTPCPL.[1]

Mr. Nellom first filed claims in this case on November 10, 2025. I granted him leave to proceed *in forma pauperis* but dismissed the Complaint for failure to state a claim. Indeed, I concluded that the original Complaint was as hard to comprehend as the Amended Complaint.[2] I gave Mr. Nellom leave to file an Amended Complaint, and he did so on December 29, 2025.

---

[1] The Amended Complaint also contains several allegations that do not appear to have anything to do with the claims in the case, such as that an allegation that Defendants' "repeated acts devaluing United States money as worthless," and "declaring the $348.00 monthly U.S. deposits are worthless." (*Id*. at 1, 2). There's also a reference under the label "National Security" about $29 billion "committed to satisfy the Second Amendment Self Defense Right" to renewable energy, natural food, water security, and solar roof greenhouse systems (*Id*. at ¶ 5.) To the extent the mention of the Second Amendment is intended to assert a constitutional claim against a Defendant, that claim is not plausible since no Defendant is alleged to be a "state actor" under 42 U.S.C. § 1983, the statute under which a plaintiff may bring a constitutional claim in federal court, and there is no plausible basis for any constitutional violation alleged.

[2] The original Complaint mentioned emails from certain Defendants about loan requests, Mr. Nellom does not allege anything about those emails in the Amended Complaint, so I have not considered them because the Federal Rules of Civil Procedure do not contemplate piecemeal pleadings or the amalgamation of pleadings, even in the context of a *pro se* litigant. *See Bryant v. Raddad*, No. 21-1116, 2021 WL 2577061, at *2 (E.D. Pa. June 22, 2021)

## II. STANDARD OF REVIEW

Because I granted Mr. Nellom leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) requires me to dismiss the Amended Complaint if it fails to state a claim, which is the same standard as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Pursuant to that standard, I must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). That means I must accept the factual allegations in the Amended Complaint as true, draw inferences in favor of the plaintiff, and determine whether there is a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678. When a plaintiff is proceeding *pro se,*, I construe his allegations liberally. *See Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (internal quotation omitted).

## III. DISCUSSION

### A. Plausibility Of Claims

#### 1. ECOA

When I dismissed the original Complaint, I explained that for Mr. Nellom to pleadd a plausible claim under ECOA he would have to allege facts supporting the following elements: (1) he belongs to a protected class; (2) he applied for credit; (3) he was qualified

3

for credit; and (4) credit was nevertheless denied. (ECF No. 5 at 3-4.) In screening his original Complaint, I assumed that emails Mr. Nellom had attached to it were an inference that he applied for credit and was denied. *Id.* He didn't attach those emails to the Amended Complaint, even though I told him that any amended complaint he submitted had to be "a complete document that does not rely on the initial Complaint or other papers filed in this case to state a claim" (ECF No. 6 at 1.) Nor does he allege in the Amended Complaint that he applied for credit that was denied. In fact, his only allegation in the Amended Complaint concerning an application for credit is that he was apparently approved for a secured credit card with a $500 credit limit at 18% interest. (ECF No. 7 at ¶ 7.) Mr. Nellom has therefore failed to allege a plausible ECOA claim.

### 2. UTPCPL

When I dismissed the original Complaint, I instructed Mr. Nellom that the elements of a claim under the UTPCPL § 201–2(4)(ix), the provision prohibiting "[a]dvertising goods or services with intent not to sell them as advertised," are: "(1) 'a defendant's representation is false'; (2) 'it actually deceives or has a tendency to deceive'; and (3) 'the representation is likely to make a difference in the purchasing decision.'" (ECF No. 5 at 5.) Mr. Nellom has again failed to allege a plausible violation of the false advertising provision of the UTPCPL. He asserts in conclusory terms that "advertising credit to people to make them pay for credit on face" is an unfair method of competition and unfair or deceptive practice based on "advertising goods or services with intent not

to sell them as advertised." (ECF No. 7 at ¶ 11.) But he alleges no facts to show that anyone made a false representation, that a representation deceived him, or that a representation altered his purchasing decision. He therefore does not plead the necessary elements.

**B.     Dismissal With Prejudice**

Mr. Nellom has now tried twice to plead a plausible claim, and he has failed both times. The second time, he did so with the benefit of my opinion laying out the law governing his case, including the specific elements that he would have to satisfy. Having proven himself unable to plead a viable claim, I will not grant Mr. Nellom a third bite at the apple because further pleading would be futile. *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019).

**IV.     CONCLUSION**

I will dismiss Mr. Nellom's complaint with prejudice for failure to state a claim. An appropriate Order follows.

BY THE COURT:

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

January 14, 2026